DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Harry Joseph Haynes, appeals the judgment of the Summit County Domestic Relations Court. We affirm.
Appellant and appellee, Mary Ellen Haynes, were married on September 18, 1971. In March 1997, the parties were granted a divorce. In its order, the court divided the marital property and ordered appellant to pay appellee spousal support. Appellant appeals, naming two assignments of error.
 I. THE TRIAL COURT ERRED BY FAILING TO DIVIDE THE VALUE OF THE PENSION AT THE TIME OF DIVORCE.
The issue under this assignment of error concerns the method by which the lower court divided appellant's UAW pension. It was appellant's desire to retain this asset and to have appellee's interest therein, based on a stipulated present value at the time of divorce, offset by granting her a greater share of other available assets. Appellee, on the other hand, sought a qualified domestic relations order ("QDRO") entitling her to an equal share of the marital portion of this fund at the time of its actual distribution upon appellant's retirement. The lower court, after devoting two pages of its eleven-page order to a discussion of the subject, rejected appellant's request and ordered the marital share of the pension equally divided by QDRO.
"A trial court has broad discretion when considering retirement benefits; flexibility is necessary for the court to make an equitable decision based upon factors relevant to the situation before it." Sprankle v. Sprankle (1993), 87 Ohio App.3d 129,132. Given the broad discretion vested in the lower court, we will not reverse its decision unless the order reflects an attitude that is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant argues the lower court erred in ordering the QDRO because the alternative he proposed, distribution based on the present value at the time of divorce, had the preferable result of immediately disentangling the parties' financial affairs. It is true that disentangling the parties' affairs as quickly as possible is a favorable result, see Hoyt v. Hoyt (1990), 53 Ohio St.3d 177,182, but facilitating financial disassociation is not the only factor to consider. As the Ohio Supreme Court has stated:
 [T]he trial court should attempt to ascertain the optimum value the pension or retirement benefit has to the parties as a couple, based upon the nature and terms of the plan. The trial court should structure a division which will best preserve the fund and procure the most benefit to each party.
Id. at 183.
Procuring the most benefit to each party was clearly the intent of the lower court when it ordered an equal division by QDRO. Among its findings, the court stated:
 UAW pensions, such as the one at issue in this case, offer a striking example of the dramatic increase which can occur in the value of a pension, if the participant continues working for some additional period of time. * * *
* * *
 Granting Wife offsetting assets based on the present value of Husband's pension in this case would inequitably deprive Wife of the growth on the marital share of the pension * * *.
As evidenced by its relatively lengthy discussion of the matter, then, the lower court was seeking a distribution that would provide both parties with the greatest return on their marital investment. We believe such an analysis is what the Hoyt court had in mind.
Appellant also finds it significant that the parties had other substantial assets adequate to immediately offset appellee's marital share of his pension. He seems to believe that a QDRO is only appropriate where other assets are insufficient to accomplish this purpose. This argument misses the mark, however. As the Supreme Court has held, in distributing pensions or retirement funds upon divorce:
 The trial court must have the flexibility to make an equitable decision based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension plan, and the reasonableness of the result. Thus, any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' marital assets.
Id. at 180.
In this case, the parties were married for over twenty-five years. Appellee's marital share of appellant's pension was substantial. There was no way for the lower court to predict what the value of this pension would be at the time of appellant's retirement. The court concluded, however, that due to the nature of the pension, the value was likely to increase dramatically in the future. It concluded the only way to preserve the fund to the greatest benefit of each party was to order an equal division by QDRO. We find nothing unreasonable, arbitrary or unconscionable in this determination. Appellant's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED BY GRANTING SPOUSAL SUPPORT THAT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND FAILING TO PROVIDE THE BASIS FOR GRANTING SPOUSAL SUPPORT.
In its order, the lower court required appellant to pay appellee $1800 per month in spousal support until the death of either party, appellee's remarriage, or eight years, whichever occurred first. Appellant argues this order was in error because there was no evidence as to what appellee's living expenses would be and because the lower court did not otherwise indicate the basis for the award. We find appellant's arguments without merit.
First, although appellant refers to manifest weight of the evidence, the proper standard on review of a spousal support award is abuse of discretion. Bowman v. Bowman (Mar. 19, 1997), Medina App. No. 2574-M, unreported. Again, the lower court will not be found to have abused its discretion absent a showing that its decision is unreasonable, arbitrary or unconscionable. Blakemore,supra.
Concerning appellee's living expenses, appellant argues the lower court abused its discretion in awarding spousal support because it did not have an accurate idea of what appellee's living expenses would be. He cites Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,70, for the proposition that "[s]ustenance alimony is based on need," and argues that because the court did not know appellee's level of need, it could not properly award her support.
On April 11, 1991, following the Kunkle decision, the Ohio legislature amended R.C. 3105.18. Where the former statute required a court to consider whether an award of spousal support was "necessary," the amended version requires a court to consider whether such an award is "appropriate and reasonable." Since that amendment, this court has repeatedly held that these standards are significantly different and that spousal support is no longer based strictly on a consideration of need. See, e.g., Schindlerv. Schindler (Jan. 28, 1998), Summit App. No. 18243, unreported;Bettis v. Bettis (Feb. 12, 1997), Medina App. No. 2565-M, unreported; Stoyka v. Stoyka (June 19, 1996), Lorain App. No. 95CA006232, unreported; Young v. Young (Dec. 29, 1993), Lorain App. No. 93CA005554, unreported; Karis v. Karis (Nov. 4, 1992), Summit App. No. 15556, unreported; Chaudhry v. Chaudhry (April 8, 1992), Summit App. No. 15252, unreported. There is, therefore, no merit to appellant's argument that the court erred in awarding spousal support simply because it did not know appellee's living expenses.
Appellant's contention that the lower court failed to set forth a sufficient basis for the spousal support award must also fail. R.C. 3105.18(C)(1) sets forth fourteen factors the lower court must consider in determining what, if any, amount of spousal support is "appropriate and reasonable." Despite the fact that the statute does not require the court to make specific findings of fact regarding these factors, the court in this case did so. Not only does it state in its order that it considered all the appropriate factors pursuant to R.C. 3105.18(C)(1), nearly every factor applicable to this case is individually addressed in the court's order. Specifically, the court noted the twenty-five year duration of the marriage, the parties' respective incomes, ages, physical condition, education, pensions, assets and liabilities. The court also addressed the parties' standard of living established during the marriage; the time and expense required for appellee to obtain an Associate Degree, as she indicated was her desire; and the fact that appellee did not work outside the home early in the marriage because she was primary caregiver for the parties' child. We can presume that in considering all the above, the court was also aware of the relative earning abilities of each party and the tax consequences of awarding spousal support. SeeGriffith v. Purcell (Jan. 26, 1998), Scioto App. No. 97CA2512, unreported ("As long as a reviewing court can determine the basis for the award from either the trial court's decision or the record, the trial court need not detail its specific findings with respect to each factor.").
By stating it had considered all the statutory factors and specifically addressing the relevant ones, the lower court did provide a sufficient basis for its spousal support award.Schrader v. Schrader (Jan. 21, 1998), Medina App. No. 2664-M, unreported. Appellant has not indicated how, in light of the above factors, this award of spousal support was unreasonable, arbitrary or unconscionable. Upon consideration of the court's findings of fact, we find no abuse of discretion in this award. Appellant's second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
REECE, J. CONCUR.